## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JACOB A. TRAMBLE, | ) | |
| #M-31355, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-01015-MJR |
| | ) | |
| JEFFERY DENNISON, | ) | |
| CAMILLA ETIENNE, | ) | |
| SGT. HICKS, | ) | |
| LT. J. HOBBS, | ) | |
| T. MOORE, | ) | |
| R. CASPER, | ) | |
| K. DILLMAN, | ) | |
| K. BENARD, | ) | |
| D. FISCHER, | ) | |
| P. KAUFMAN, | ) | |
| and A. CIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Now before the Court for consideration is the First Amended Complaint[1] (Doc. 6) filed

pursuant to 42 U.S.C. § 1983 by Jacob Tramble, an inmate who is currently incarcerated at

Menard Correctional Center ("Menard").   Plaintiff alleges that prison officials at Shawnee

Correctional Center ("Shawnee") retaliated against him for threatening to file a grievance against

a correctional officer on February 6, 2016 (Doc. 6, pp. 4-5).   Officials responded by issuing

Plaintiff a false disciplinary ticket, searching his cell, using excessive force against him, denying

him medical care, and depriving him of food, among other things (*id*.).   Plaintiff asserts claims

---

[1] The Court did not screen Plaintiff's original Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A because
it was defective; it consisted of multiple complaint forms that were each missing numerous pages and
sections.   On September 9, 2016, the Court entered an Order (Doc. 4) striking the Complaint and
instructing Plaintiff to file a First Amended Complaint no later than October 14, 2016.   He complied with
this Order by filing a First Amended Complaint (Doc. 6) on September 19, 2016.

against these officials under the First, Eighth, and Fourteenth Amendments (*id*. at 5).  He seeks termination of their employment and monetary damages (*id*. at 8).

## Merits Review Pursuant to 28 U.S.C. § 1915A

The First Amended Complaint is now subject to preliminary review under 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints, including amended complaints, to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  The First Amended Complaint survives preliminary review under this standard.

## First Amended Complaint

On February 6, 2016, Plaintiff alleges that C/O Moore made inappropriate comments to him (Doc. 6, p. 4).  Plaintiff asked C/O Moore for his badge number.  When C/O Moore demanded to know why Plaintiff needed the number, Plaintiff explained that he intended to file a grievance to complain about the officer's comments (*id*.).

C/O Moore left Plaintiff's cell in Dorm 2-D-51.  When he returned moments later, C/O Moore was carrying Plaintiff's identification card.  Instead of providing Plaintiff with his badge number, C/O Moore informed Plaintiff that he would be receiving a disciplinary ticket for an undisclosed rule violation (*id*.).

C/O Moore again left Plaintiff's cell.  He returned with C/O Dillman, C/O Kaufman, C/O Benard, C/O Fischer, and C/O Casper.  The correctional officers ordered Plaintiff and his cellmate to exit the cell and report to the dayroom.  When the two inmates did so, the officers

entered their cell and "trash[ed]" it (*id*.).   Plaintiff and his cellmate were never issued a shakedown slip, and Plaintiff characterized the cell search as retaliatory.

While Plaintiff and his cellmate later attempted to clean up the cell, C/O Moore again returned with the same group of officers.   This time, Lieutenant Hobbs also accompanied them (*id*. at 5).   C/O Moore and Lieutenant Hobbs ordered Plaintiff to pack his property because he was going to segregation.   As he did so, Lieutenant Hobbs threatened to confiscate food that Plaintiff purchased at the prison commissary.   When Plaintiff produced a receipt for the food, the lieutenant threw the food back onto Plaintiff's bunk and informed him that he had five minutes to pack his property (*id*.).

The officers then dragged Plaintiff down two flights of concrete stairs.   Once they reached the bottom, the officers began punching and kicking Plaintiff in his face and body. After "a while," the officers pulled Plaintiff to his feet (*id*.).   A "10/10" was called, and Sergeant Hicks joined the other officers.   Together, they rammed Plaintiff's head into a steel door and the concrete wall.   As the group made their way from Dorm 2-D to the segregation dorm and into the holding tank, they continued to assault Plaintiff (*id*.).

Plaintiff alleges that he suffered a possible concussion and other undisclosed injuries. However, he was denied medical attention in the three days that followed.   He was also denied the right to eat "from morning through evening" (*id*.).   Plaintiff apparently transferred to Menard on or around February 10, 2016, where his injuries were allegedly photographed and documented (*id*.).

In connection with the above-described events, Plaintiff names Warden Dennison, Assistant Warden Etienne, Lieutenant Hobbs, Sergeant Hicks, C/O Moore, C/O Casper, C/O Dillman, C/O Benard, C/O Fischer, C/O Kaufman, and Nurse Cin/Ain.   He claims that

Warden Dennison and Assistant Warden Etienne failed to investigate the false disciplinary ticket or the incident that occurred on February 6, 2016. He claims that all remaining defendants retaliated against him for threatening to file a grievance against C/O Moore by subjecting him to cruel and unusual punishment (*id*.). Plaintiff seeks termination of the defendants' employment and monetary damages (*id*. at 8).

<u>Discussion</u>

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to reorganize the claims in Plaintiff's *pro se* First Amended Complaint into the following counts:

> **Count 1:**    **Defendants retaliated against Plaintiff for threatening to file a grievance against C/O Moore by issuing him a disciplinary ticket, searching his cell, using excessive force against him, and denying him medical care for his resulting injuries on or around February 6, 2016, all in violation of the First Amendment.**

> **Count 2:**    **Defendants subjected Plaintiff to the unauthorized use of force and/or failed to protect Plaintiff from its use on or around February 6, 2016, in violation of the Eighth Amendment.**

> **Count 3:**    **Defendants denied Plaintiff medical care for the allegedly serious injuries he sustained in the prison guard assault on or around February 6, 2016, in violation of the Eighth Amendment.**

> **Count 4:**    **Defendants deprived Plaintiff of food for three days beginning on February 6, 2016, in violation of the Eighth Amendment.**

> **Count 5:**    **Defendants issued Plaintiff a false disciplinary ticket on or around February 6, 2016, in violation of the Fourteenth Amendment.**

> **Count 6:**    **Defendants Dennison and Etienne failed to investigate the false disciplinary ticket and the prison guard assault that allegedly occurred on or around February 6, 2016.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merits.

### Claims Subject to Further Review

Counts **2** and **3** shall receive further review against Defendants **Hicks**, **Hobbs**, **Moore**, **Casper**, **Dillman**, **Benard**, **Fischer**, and **Kaufman**. According to the allegations in the First Amended Complaint, all of these defendants used excessive force against Plaintiff or failed to protect him from its use on February 6, 2016 (Doc. 6, p. 4). They also denied Plaintiff medical care for his resulting injuries, which included a suspected concussion, during the three days that followed (*id.*). Although the Court takes no position regarding the ultimate merits of these claims, the Court finds that further consideration of both claims is warranted.

However, these claims shall be dismissed against Defendants Dennison, Etienne, and Cin/Ain. The statement of claim does not mention this defendant. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Further, Plaintiff includes no allegations against Defendants Dennison or Etienne which suggest that either was personally involved in the alleged assault or subsequent denial of medical care. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted) ("[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation."). Accordingly, Counts 2 and 3 shall be dismissed without prejudice against Defendants Dennison, Etienne, and Cin/Ain.

## Claims Subject to Dismissal

### Count 1

The retaliation claim in Count 1 shall be dismissed without prejudice against all of the defendants.  A claim of retaliation requires the plaintiff to demonstrate that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) there was a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).  The First Amended Complaint does not include allegations that satisfy the first element of this claim.

The allegations do not suggest that Plaintiff engaged in protected activity.  According to the allegations, Plaintiff merely stated that he intended to file a grievance against C/O Moore for making "inappropriate comments" (Doc. 6, p. 4).  Filing a non-frivolous grievance qualifies as constitutionally protected activity that supports a retaliation claim under the First Amendment. *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (citing *Thomas v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004)).  Threatening to file a grievance may not.  *Bridges*, 557 F.3d at 546 ("[I]t seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance.).  In the First Amended Complaint, Plaintiff does not allege that he actually prepared and filed a grievance (Doc. 6, p. 4).  He merely alludes to the fact that he contemplated doing so.  His mere expression of this thought, standing alone, does not constitute protected activity in the context of this retaliation claim.  *But see Pearson v. Welborn*, 471 F.3d 732 (7th Cir. 2006) (declining to hold "that legitimate complaints lose their protected status simply because they are spoken").

Further, the Court has no way of assessing whether the contemplated grievance addressed a non-frivolous complaint.  Plaintiff only states that he intended to complain about "inappropriate comments" made by C/O Moore.  He does not quote C/O Moore, paraphrase his comments, or provide any indication of what the officer said.  This vague allegation is simply too hollow to support a retaliation claim, even at screening.  *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim).  Accordingly, Count 1 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 4**

The First Amended Complaint also supports no claim against the defendants for depriving Plaintiff of food for three days.  This claim arises under the Eighth Amendment, which prohibits conditions of confinement that deprive inmates of basic human needs like food, medical care, sanitation, and physical safety.  *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  To state a claim for unconstitutional conditions of confinement, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991).  The objective component of the claim examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society.  *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).  The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes,* 452 U.S. at 347.

Plaintiff's alleged deprivation of food for three days may satisfy the objective component of this claim, although it is not altogether clear from the allegations in the First Amended Complaint. Plaintiff specifically alleges that he was deprived of food "from morning through evening" (Doc. 6, p. 5). This allegation suggests that he may have received food at night, a fact that is important to the Court's analysis of this claim. Even if the Court assumes that the deprivation is one of constitutional magnitude, however, the allegations still do not satisfy the subjective component of this claim.

To do so, Plaintiff must show that each defendant exhibited deliberate indifference. *Wilson*, 501 U.S. at 298; *see also McNeil*, 16 F.3d at 124. This standard is satisfied where an official is aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also draws the inference. In other words, the deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

Plaintiff names no one in connection with the claim that he was deprived of food for three days. The allegations do not suggest that any particular defendant knew about the deprivation and failed to take reasonable steps to address it. Consequently, Count 4 does not survive preliminary review and shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 5**

The First Amended Complaint also articulates no claim against the defendants based on the issuance of an allegedly false disciplinary ticket. It has long been held that allegations of

false disciplinary reports do not state a claim where due process is afforded.  *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984); *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd 70 F.3d 117 (7th Cir. 1995).   The due process safeguards associated with prison disciplinary proceedings are generally sufficient to guard against potential abuses.   *Id*. An inmate facing a disciplinary hearing is entitled to: (1) receive advance written notice of the charges against him; (2) appear in person before an impartial hearing body to contest the charges; (3) call witnesses and present documentary evidence in his defense (subject to the discretion of correctional officials); and (4) receive a written statement of the reasons for the disciplinary action taken.  *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).  Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence."  *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

Plaintiff identifies no *Wolff* violations or any lack of evidence to support the disciplinary committee's decision regarding his disciplinary ticket.  In fact, the First Amended Complaint only states, in conclusory fashion, that Plaintiff was issued a ticket.  Plaintiff omitted allegations regarding the rule violation(s) at issue, the hearing, the results, or his punishment.  Accordingly, Count 5 fails to state a claim upon which relief may be granted and shall also be dismissed without prejudice.

### Count 6

Finally, the First Amended Complaint states no claim against Defendants Dennison or Etienne (or anyone else) for failing to investigate the disciplinary ticket or the incident that occurred on February 6, 2016.  In conclusory fashion, Plaintiff asserts a claim against both of these defendants for failing to investigate these matters.

Defendants Dennison and Etienne cannot be held liable for the alleged violations of Plaintiff's constitutional rights merely because of their supervisory positions at Shawnee. The doctrine of *respondeat superior* does not apply to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper*, 430 F.3d at 810 (citations omitted). Liability under § 1983 hinges on personal involvement in a constitutional deprivation.

But beyond a bald assertion that Defendants Dennison and Etienne violated Plaintiff's constitutional rights, the First Amended Complaint includes no allegations against either defendant. Much like Defendant Cin/Ain, Plaintiff names these defendants in the case caption but excludes them from his statement of claim. Merely listing an individual as a defendant does not demonstrate that individual's involvement in a constitutional deprivation. *See Collins*, 143 F.3d at 334. It also fails to put the defendant on notice of those claims that have been brought against him or her. *See* FED. R. CIV. P. 8(a)(2) (requiring a short and plain statement of Plaintiff's claim for relief against each defendant). Accordingly, Count 6 against Defendants Dennison and Etienne shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Pending Motion

No motions are currently pending before the Court. However, it appears that Plaintiff may have intended to file a Motion for Recruitment of Counsel. Along with the First Amended Complaint, he submitted copies of three letters addressed to attorneys (Doc. 6, pp. 10-12). In them, Plaintiff seeks representation in his matter. Standing alone, the letters do not constitute a

motion.  If Plaintiff would like to file a Motion for Recruitment of Counsel, he is free to do so at any time.  The Clerk is **DIRECTED** to provide Plaintiff with a standard form motion.

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that **COUNTS 1, 4, 5,** and **6** are **DISMISSED** without prejudice against all of the defendants for failure to state a claim upon which relief can be granted.   **COUNTS 2** and **3** are **DISMISSED** without prejudice against Defendants **DENNISON**, **ETIENNE**, and **CIN** for the same reason.

**IT IS FURTHER ORDERED** that Defendants **DENNISON**, **ETIENNE**, and **CIN** are **DISMISSED** without prejudice from this action because the First Amended Complaint fails to state a claim upon which relief can be granted against them.

**IT IS ALSO ORDERED** that **COUNTS 2** and **3** are subject to further review against Defendants **HICKS, HOBBS, MOORE, CASPER, DILLMAN, BENARD, FISCHER,** and **KAUFMAN**.   With respect to **COUNTS 2** and **3**, the Clerk of Court shall prepare for Defendants **HICKS, HOBBS, MOORE, CASPER, DILLMAN, BENARD, FISCHER,** and **KAUFMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 6), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 14, 2016**

<u>s/ MICHAEL J. REAGAN</u>
**Chief District Judge**
**United States District Court**