IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB TRAMBLE,<br><br>    Plaintiff,<br><br>v.<br><br>KYLE BENARD, RONNIE CASPER,<br>KEILER DILLMAN, LARRY HICKS,<br>JOHN HOBBS, DEVAN FISCHER,<br>PATRICK KAUFMAN, and<br>TYLER MOORE,<br><br>    Defendants. | Case No. 3:16-CV-01015-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Jacob Tramble is an inmate in the Illinois Department of Corrections who brings this action under 42 U.S.C. § 1983 ("Section 1983") (Doc. 1). Tramble filed his first amended complaint in this Court on September 19, 2016, alleging correctional officers, a lieutenant, and a sergeant employed at Shawnee Correctional Center ("Shawnee") issued him a false disciplinary ticket, assaulted him, and denied him medical care on February 2, 2016. Tramble proceeds on claims of excessive force (Count 1) and denial of medical care (Count 2) under the Eighth Amendment.

    Shortly before filling his Section 1983 suit in this Court, Tramble filed a petition for mandamus in the Randolph County, Illinois, Circuit Court on August 15, 2016 (Doc. 56, Ex. 1). The petition for mandamus states that correctional officers at Shawnee violently assaulted him and issued him a false disciplinary ticket on February 2, 2016 (*Id.*). The petition sought

an order compelling his release from segregation, dismissal of his disciplinary reports, deletion of the reports from his master file, restoration of all good conduct credit, and his transfer to a minimum-security facility. Tramble named John Baldwin as the defendant in the mandamus case, but Defendants in this case all appeared and defended themselves (*Id.*).

On March 1, 2017, the Randolph County Circuit Court found:

> Defendants have filed a combined motion to dismiss and Plaintiff has responded. Plaintiff has failed to state a claim against any of the defendants. In fact, the ONLY defendant listed in the petition is Director John Baldwin and none of the specific acts sought to be performed are identified. The Mandamus petition fails to state a claim upon which relief may be granted and should be dismissed pursuant to 2-615. Because this is a procedural defect Plaintiff is hereby granted 45 days to file an amended petition.

(Doc. 56, Ex. 3, pp. 1-2).

Tramble filed an amended petition in Randolph County on March 29, 2017 (Doc. 56, Ex. 3). On August 2, 2017, the Randolph County Circuit Court dismissed Trample's petition with prejudice because he failed to plead a cause of action and "further attempts to amend would not cure the defects" (Doc. 56, Ex. 2). Because the petition was dismissed involuntarily and not pursuant to an exception listed in Supreme Court Rule 273, the dismissal was an adjudication on the merits. *See* ILL. SUP. CT. RULE 273.

On November 21, 2018, Defendants filed a motion for summary judgment in this case, arguing *res judicata* bars Tramble's Section 1983 suit (Doc. 56). Under Illinois law, *res judicata* precludes a claim where "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of the cause of action, and (3) there is an identity of the parties or their privies." *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). Tramble does not dispute that the Randolph County Circuit Court's dismissal was a final judgment on the merits. Tramble contends, however, that there is no identity of the

causes of action, the parties, or the parties' privies (Doc. 58).

On August 15, 2019, United States Magistrate Judge Gilbert C. Sison issued a Report and Recommendation that recommends granting Defendants' motion for summary judgment based on *res judicata* (Doc. 64). Judge Sison found, "[B]oath suits concern events that occurred on February 6, 2016. Both suits also allege that correctional officers at Shawnee assaulted Tramble and failed to provide him with medical attention. This plainly establishes an identity of the causes of action between the two lawsuits" (*Id.*). Judge Sison noted that the identity of the causes of action is present, even though Tramble sought different relief in the mandamus petition than he does in this case (*Id.*). Judge Sison cited *Wozniak v. DuPage County*, 845 F.2d 677 (7th Cir. 1988), where the plaintiff sought mandamus relief in state court and then brought a Section 1983 claim for damages in federal court based on the same underlying facts. *Id.* at 680. The Seventh Circuit found that the difference in remedies between the two proceedings did not destroy the identity of causes of action because the operative facts were the same. *Id.* at 681-82. Finally, Judge Sison found that the identity of the parties is satisfied because Tramble is the named plaintiff in both cases and "all of the named Defendants in this case are the same or are in privies with those in the petition for mandamus" (Doc. 64). Although Tramble named John Baldwin as the only defendant in the mandamus petition, "Defendants in this case appeared and defended themselves in the mandamus suit" (*Id.*).

Objections to the Report and Recommendation were due on or before August 29, 2019. No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v.*

*Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs submitted by Defendants, as well as Judge Sison's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Judge Sison and **ADOPTS** the Report and Recommendation in its entirety. The motion for summary judgment filed by Kyle Benard, Ronnie Casper, Keiler Dillman, Larry Hicks, John Hobbs, Devan Fischer, Patrick Kaufman, and Tyler Moore (Doc. 56) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  September 6, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**